**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT KANSAS**
**KANSAS CITY DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *et al.*, ) <br> *ex rel*. MARY KATHLEEN DANNER, ) <br> ) <br>     *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> QUALITY HEALTH CARE, INC., *et al.*, ) <br> ) <br>     *Defendants*. ) | Case No. 11-4026-CM-KMH <br><br> FILED UNDER SEAL |

**RELATOR'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE**
**AND RESTORE SEAL**

COMES NOW Relator, by and through her counsel, and moves the Court for an Order that (1) voluntarily dismisses this case without prejudice pursuant to Fed. R. Civ. P. 41(a), and (2) restore the seal after the dismissal is entered.  In support, Relator states as follows:

    1.    This is a *qui tam* action under the False Claims Act, 31 U.S.C. § 3730 ("FCA"). The Complaint was filed on December 16, 2008 in the United States District Court for the Eastern district of Louisiana.

    2.    After Defendant Quality Health Care, Inc. closed its Louisiana headquarters and moved to Kansas, the case was transferred to Kansas.

    3.    Pursuant to 31 U.S.C. § 3730(b)(2), neither the Complaint nor Summons have been served on any defendant, and no defendant has entered an appearance in this Court.  No responsive pleading has been filed.  Upon information and belief, the existence of the Complaint has not been revealed to defendants, and there has been no discovery obtained from defendants. The Complaint and all filings in this matter remain under seal by Order of the Court.

4. A written evidentiary disclosure was prepared and served on the United States prior to filing as required under the FCA. Numerous additional written disclosures were provided to the United States in support of the investigation of Relator's claims.

5. The United States received the disclosures and discussed the allegations with Relator and his counsel.

6. Relator moves now to dismiss the complaint without prejudice in order to preserve her right to continue to develop facts to permit her to re-file the case at a later date, if appropriate, and thereby demonstrate that the Defendants have filed false claims in violation of the False Claims Act.

7. The United States consents to this voluntary dismissal without prejudice, so long as the dismissal is also without prejudice to the United States.

8. Pursuant to Fed. R. Civ. P. 41 (a), a plaintiff is entitled to voluntarily dismiss a complaint without prejudice where, as here, no responsive pleading has been filed. *See, e.g.*, *Universidad Central Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 19 (1st Cir. 1985). Further, the FCA authorizes the dismissal of a *qui tam* complaint with written consent of the United States. 31 U.S.C. § 3730(b)(1). Therefore, the Court should enter a voluntary dismissal without prejudice.

9. Upon information and belief, the above-captioned action was unsealed on June 7, 2011.

10. Relator additionally requests that the Court restore its order sealing the proceeding after the voluntary dismissal. The FCA does not address whether a sealed *qui tam* complaint that is voluntarily dismissed under Fed. R. Civ. P. 41(a) shall remain sealed or

1

unsealed. It is a matter of judicial discretion to maintain the seal following a voluntary dismissal without prejudice based on the unique facts presented in each case.

11.     Relator, a nurse who has been employed in Kansas and surrounding states, filed the *qui tam* complaint on the basis of her experience with defendants' services in Kansas and Louisiana. Relator alleges that defendants made false claims to receive compensation from the United States.

12.     By voluntarily dismissing the *qui tam* complaint without prejudice, Relator seeks to preserve her right to continue to develop facts to permit her to re-file the case at a later date and thereby demonstrate that the United States has made payments to the Defendants as a result of false claims.

13.     Upon information and belief, removing the seal (and publicly disclosing Relator's identity, location, and the substance of her claims) would prejudice Relator's ability to continue investigating and developing facts to support the alleged False Claims Act violations. Indeed, the substance of Relator's claims and her identity should be kept under seal as her investigation proceeds, thus allowing her the opportunity to bring defendants' fraudulent conduct to light. Removing the seal, and thus making her identity known to defendants, would effectively end or substantially impair her investigation.

14.     In addition, Relator is concerned that revealing her identity in connection with a Complaint that has been filed and subsequently voluntarily dismissed may impair her ability to obtain employment as a nurse.

15.     Relator suffered some significant health problems in 2010, and is concerned that revealing her identity, and the stress and potential adverse actions that may result from disclosure, could affect her health.

16.     While unsealing the *qui tam* complaint threatens to prejudice Relator's claims, restoring the seal would not prejudice defendants. No defendant has been served. Because the Complain was under seal, no defendant was aware of it, and thus could not consent or refuse consent to this request, and Relator is barred from seeking consent from the defendants. It is a fair assumption, however, that no defendant would want allegations of false claims to be placed on the public record.

17.     Unsealing may confer on defendants an advantage in a later-filed case whether by Relator or a different whistleblower due to the FCA's public disclosure bar. For example, defendants may assert in a later-filed case that a district court lacks subject matter jurisdiction because the unsealing puts on the public record the allegations and transactions of the violations. 31 U.S.C. § 3730(e)(4)(a). This may limit the ability to detect and enforce defendants' violations of the healthcare laws.

18.     Counsel for Relator made a good faith effort to obtain the consent of the United States as it relates to maintaining the case under seal following the voluntary dismissal. The United States opposed Relator's request to maintain the seal. In light of the opposition of the United States, Relator requests that Court grant the uncontested voluntary dismissal without prejudice and grant Relator leave to file a reply to any opposition filed by the United States.

WHEREFORE, for good cause shown, Relator requests that this honorable Court dismiss the above-titled action without prejudice and restore the case to its previously sealed status.

Respectfully submitted,

/s/ Edward L. Robinson
Edward Robinson, #22043
Joseph & Hollander LLC
500 N. Market Street
Wichita, Kansas 67214-3514
(316) 262-9393 Office
(316) 262-9006 Fax
(316) 204-3659 Cell
erobinson@josephhollander.com


Andrew M. Beato (MD Bar No. 27112)
David U. Fierst (D.C. Bar # 912899)
STEIN, MITCHELL & MUSE, LLP
1100 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
(202) 737-7777 (telephone)
(202) 296-8312 (fax)
Abeato@steinmitchell.com


J. Marc Vezina (LA Bar No. 24683)
VEZINA & GATTUSO, LLC
401 Weyer Street
PO Box 461
Gretna, LA 70054
(504) 368-5223 (telephone)

*Attorneys for Relator*

Respectfully submitted,

/s/ Edward L. Robinson
Edward Robinson, #22043
Joseph & Hollander LLC
500 N. Market Street
Wichita, Kansas 67214-3514
(316) 262-9393 Office
(316) 262-9006 Fax
(316) 204-3659 Cell
erobinson@josephhollander.com


Andrew M. Beato (MD Bar No. 27112)
David U. Fierst (D.C. Bar # 912899)
STEIN, MITCHELL & MUSE, LLP
1100 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
(202) 737-7777 (telephone)
(202) 296-8312 (fax)
Abeato@steinmitchell.com


J. Marc Vezina (LA Bar No. 24683)
VEZINA & GATTUSO, LLC
401 Weyer Street
PO Box 461
Gretna, LA 70054
(504) 368-5223 (telephone)

*Attorneys for Relator*

**CERTIFICATE OF SERVICE**

I certify that on this the 9th day of June, 2011, a true and correct copy of the foregoing Motion to Voluntarily Dismiss Complaint Without Prejudice and Restore Seal was served on all parties listed below through the CM/ECF electronic filing system.

Jon Fleenor
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101

                                                      /s/ Edward L. Robinson
                                                      Edward Robinson