IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *et al.*, *ex rel.* MARY KATHLEEN DANNER,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>QUALITY HEALTH CARE INC., *et al.*,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 11-4026-CM-KMH<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Relator initiated this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3279 *et seq.*, alleging defendants submitted false medical charges. This matter is before the court on Relator's Motion to Voluntarily Dismiss without Prejudice and Restore Seal (Doc. 24). For the following reasons, the court grants relator's motion in part and denies it in part.

**I.    Background**

Defendant Quality Health Care Inc. ("QHC") is a private, for-profit company that contracts with the other defendants to provide Medicare reimbursed in-patient geriatric psychiatric services in rural communities. Relator is a registered nurse with a Master of Science in Nursing in adult psychiatric care and has thirty years of experience in this field. From March 2007 until her resignation in April 2008, relator was the Clinical Director at QHC. Her primary responsibility in this role was to ensure quality patient care at each geriatric psychiatric unit.

Based on her experience with defendants, relator filed this *qui tam* action on December 16, 2008, alleging defendants violated the FCA by: (1) submitting claims for medically unnecessary

services, (2) submitting upcoded claims, and (3) submitting claims for services not actually provided. Pursuant to the procedural requirements of the FCA, relator filed the complaint under seal and served a copy on the government.[1]

After service, the government had sixty days to investigate relator's claims and decide whether to intervene in the lawsuit. *See* 31 U.S.C. § 3730(b)(2). The government requested and received several extensions of time to continue its investigation and maintain the seal. Ultimately, on June 7, 2011, the government decided not to intervene in the lawsuit. Based on the government's decision, the court unsealed the complaint and a few other documents so relator could serve defendants and continue this action on her own. Relator subsequently filed the current motion requesting dismissal of the action and restoration of the seal.

## I.      Motion to Dismiss

Relator requests that this court dismiss her complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a). She argues that dismissal is appropriate because a responsive pleading has not been filed. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (authorizing voluntary dismissal by filing a notice of dismissal before opposing party serves either an answer or a motion for summary judgment). The government consents to relator's request so long as the dismissal is also without prejudice to the government. *See* 31 U.S.C. § 3730(b)(1) (authorizing dismissal of *qui tam* complaint with written consent of government). Accordingly, the court dismisses relator's *qui tam* complaint without prejudice to relator or the government.

## II.     Motion to Reseal

Relator also requests that the court reseal the complaint and other unsealed documents because public availability of these documents (1) will impair her ability to continue investigating and

---

[1] Relator originally filed the complaint in the United States District Court for the Eastern District of Louisiana. The case was subsequently transferred to this court on March 11, 2011.

-2-

developing facts to support the alleged claims, and (2) may impair her ability to obtain employment and negatively impact her health.

Courts, including the Tenth Circuit, have long recognized that the public has a presumptive common-law right of access to court documents.  *Nixon v. Warner Comms.*, 435 U.S. 589, 597 (1978); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).  This presumption is not easily overcome, but it can be rebutted when "countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149.  Importantly for this case, the presumption is especially strong when the court documents involve "matters of particular concern to the public, such as allegations of fraud against the government."  *United States ex rel. Permison v. Superlative Techs. Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) (citing *Under Seal v. Under Seal*, No. 94-1171, 1994 U.S. App. LEXIS 16117, at *6 (4th Cir. June 27, 1994)).  Given this standard, relator fails to identify interests sufficient to overcome the presumption of public access.

### a.   Private Investigation

Relator's concern about continuing her private investigation misconstrues the purpose of the sealing provisions in the FCA.  The FCA requires the complaint to be filed under seal to protect the government's investigation—not relator's private investigation.  *See Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995) (explaining that the seal provisions of the FCA recognize the need to allow the government to fully evaluate the private enforcement suit); *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998–1000 (2nd Cir. 1995) (discussing purposes of seal requirements); *United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785 (E.D. Mich. 2008) (concluding that "the seal was intended to allow the Government an opportunity to adequately investigate the defendant's alleged fraud").

This conclusion is supported by the Senate Judiciary Committee's Report, which explains that the purpose of the sealing requirement is "to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." S. Rep. No. 99-345, 99th Cong., 2d Sess. 24, *reprinted in* 1986 U.S. Code Cong. & Ad. News 5266, 5289. And it is also supported by Federal Rule of Civil Procedure 11, which requires relator to have completed a sufficient investigation into the facts underlying her allegations prior to filing the *qui tam* complaint. Any further investigation required by relator to prove those allegations should be through discovery. In sum, relator's concern about public availability impairing her continued investigation is insufficient to overcome the presumption in favor of public access to court documents.

      **b.**      **Employment and Health Concerns**

Relator also argues that public accessibility may impair her ability to obtain employment and negatively impact her health. The court is sympathetic to relator's personal concerns. But relator knew, or should have known, when she filed her *qui tam* complaint that most likely her identity would eventually be revealed. There is nothing in the FCA that requires permanently sealing the complaint. *See Bon Secours*, 665 F. Supp. 2d at 785 (concluding that "there is nothing in the FCA suggesting that the initial seal was imposed to protect the identity of the relator or that *qui tam* complaints in which the Government decides not to intervene should be permanently sealed"). Rather the inclusion of the sixty day time limit suggests that seal will be lifted once the government decides whether to intervene. *See ACLU v. Holder*, No. 09-2086, 2011 U.S. App. LEXIS 6216, at *34 (6th Cir. Mar. 28, 2011) (noting that "in every FCA case, the qui tam complaint will be unsealed"); *United States ex rel. Erickson v. Univ. of Wash.*, 339 F. Supp. 2d 1124, 1126 (W.D. Wa. 2004) ("The FCA clearly contemplates the

lifting of the seal on the relator's complaint."). Therefore, relator accepted the risk of her identity becoming known when she decided to initiate this action.

In addition, relator's vague and hypothetical concerns about impairment of employment and negative health effects are not sufficient to justify resealing the complaint. Her expressed concerns are the same concerns that could be advanced by any person suing a former employer or alleging fraud. *See Superlative Techs., Inc.*, 492 F. Supp. 2d at 564 (concluding that similar concerns are not sufficient to justify sealing and explaining that to "conclude otherwise would ignore that [relator's] amorphous concern is no different from the concern any employee may have when she sues her employer for whatever reason"). Therefore, allowing relator's general concerns to justify resealing the complaint would potentially provide a basis for numerous other plaintiffs to seek the same relief. This result would ultimately frustrate the public's right to access of court documents. Relator also has some legal protection from employment retaliation in the form of tortious interference and defamation claims to the extent her former employer attempts to "poison the industry waters" for her. *Id.* Because relator failed to identify interests that outweigh the public's strong interest in access to court documents, her request for sealing the complaint and other documents is denied.

**IT IS THEREFORE ORDERED** that Relator's Motion to Voluntarily Dismiss without Prejudice and Restore Seal (Doc. 24) is granted in part and denied in part.

Dated at this 18th day of October, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge